UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

IN RE MATTER OF
CERTAIN PENDING ADMINISTRATIVE          Case No.
FORFEITURE PROCEEDINGS

**MOTION FOR BLANKET EXTENSION
OF DEADLINE FOR SENDING NOTICE IN CERTAIN
PENDING ADMINISTRATIVE FORFEITURE PROCEEDINGS**

The United States of America, pursuant to 18 U.S.C. § 983, moves this Court for an extension of time for all federal seizing agencies in this district to commence administrative forfeiture proceedings, due to the current national health emergency, as declared by the president on March 13, 2020. In support of its motion, the Government submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.    Background**

Numerous federal law enforcement agencies with the Department of Justice and Department of Treasury[1] are authorized to seize property subject to forfeiture under federal law, and commence administrative forfeiture proceedings, subject to certain

---

[1] The Department of Justice agencies so authorized are the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Drug Enforcement Administration, and the Federal Bureau of Investigation.  A number of federal agencies with administrative enforcement authority participate in the Department of Treasury asset forfeiture fund.  These include the Internal Revenue Service (IRS) within the Treasury Department, and United States Secret Service (USSS) and Customs and Border Protection (CBP) within the Department of Homeland Security (DHS).  In addition, the United States Postal Inspection Service (USPIS) is authorized by law to commence administrative forfeiture proceedings pursuant to 18 U.S.C. § 3061.   USPIS participates in the Department of Justice asset forfeiture fund.

statutory limitations.[2]  With limited exceptions, most aspects of federal administrative and judicial forfeiture actions are governed by the provisions of 18 U.S.C. § 983. These provisions include a statutory deadline for commencing an administrative forfeiture proceeding—60-days for federal seizures and 90-days for adopted seizures (those initially made by a state or local law enforcement agency). 18 U.S.C. § 983(a)(1)(A)(i), (iv). The procedures for extending that deadline and the deadlines for subsequent steps in the administrative and judicial forfeiture proceedings are set forth in 18 U.S.C. § 983(a)(1).

Each year, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the Drug Enforcement Administration, and the Federal Bureau of Investigation alone commence approximately 27,500 to 31,700 administrative forfeitures. The non-DOJ agencies also commence a significant number of administrative forfeitures.  CBP alone commenced over 22,000 Civil Asset Forfeiture Reform Act (CAFRA) forfeitures in FY 2019.

An administrative forfeiture is commenced when the federal seizing agency sends notice of the forfeiture proceeding to potential claimants. The standard method is to send notice by certified mail, return receipt requested, or by commercial delivery with confirmation of receipt.  Some agencies also send notice by first class mail. The agencies use certified mail or commercial delivery for two reasons: (1) to increase the likelihood that the intended recipient, in fact, receives timely notice, and (2) to provide the seizing agency with confirmation of delivery.

Administrative forfeitures generate massive amounts of paperwork, and require the regular, close physical interaction among office personnel in each agency's

---

[2] CBP also processes administrative forfeiture proceedings for seizures by Homeland Security Investigations (HSI), another DHS agency.

headquarters office to prepare documents related to commencing forfeiture proceedings, including notice letters and correction letters prepare for the mailing of all envelopes for those letters, receive any mailings, and prepare notice by publication for each forfeiture on the government's dedicated forfeiture website (www.forfeiture.gov).

If timely notice is not sent within the timeframe prescribed by 18 U.S.C. § 983, the federal agency is prohibited from commencing administrative forfeiture against the seized asset.   When a claim contesting that administrative forfeiture is received by the federal agency, the federal agency notifies the U.S. Attorney's Office of the claim, who must commence court action within 90 days of receipt of the claim by the federal agency.   18 U.S.C. § 983(a)(3)(A).   These statutory deadlines ensure, that absent court-approved extensions, third parties get timely notice and the opportunity to contest the seizure and forfeiture of their property.

On March 13, 2020, President Trump declared a national emergency, effective as of March 1, 2020, due to the Novel Coronavirus Disease (COVID-19) pandemic. The Center for Disease Control and Prevention have also advised taking measures to slow the spread of the disease and precautions to reduce the possibility of exposure to the virus.   In addition, the Governor of the State of Colorado has also declared a state of emergency in response to the spread of COVID-19 and has issued a state-wide "Stay at Home" order through April 26, 2020.   Likewise, the Mayor of Washington D.C. has issued a "Stay at Home" order through May 15, 2020.

To allow federal employees to engage in social distancing to slow the spread of the virus, on March 15, 2020, the Attorney General implemented a "maximum telework" policy, which includes all DOJ law enforcement components. As a result, virtually all asset forfeiture personnel working in the headquarters facilities of the federal seizing agencies in the Washington, DC area are teleworking. As the COVID-19 disease

continues to spread, it is becoming increasingly difficult, and soon may be nearly impossible, for the seizing agencies to comply with the guidance promulgated by the Centers for Disease Control and Prevention and other public health authorities to reduce the spread of the virus and comply with the statutory deadline requirements for providing notice to potential claimants and petitioners.

The requested order is consistent with the Judicial Conference's March 29th findings as well as this Court's General Order 2020-3, both of which recognize that unusual measures are appropriate to balance the need to protect the public, the court, and litigants from COVID-19 while still allowing the judicial process to proceed.   The Government notes that "the Judicial Conference, the administrative policy-making body for the federal courts, found on March 29, pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), that 'emergency conditions due to the national emergency declared by the President with respect to COVID-19 will materially affect the functioning of the federal courts generally …'".  https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic.   In response to the epidemic, federal courts at all levels have adopted temporary procedures designed to safeguard court staff, litigants, and the public from exposure to COVID-19.   These procedures recognize that the use of the mail and paper submissions is problematic within the context of the risks posed by the pandemic and the measures needed to mitigate those risks.   Indeed, on March 27, 2020, in Court Operations Under the Exigent Circumstances Created By COVID-19, District Court General Order No. 2020-3, recognizing the threat to public health and safety from the virus, this Court issued a Standing Order authorizing acceptance of filings from unrepresented parties, via email, and closed the Clerk's Office and Probation Offices to public entry.   Further, several federal districts have recognized the need for such relief, and have entered orders similar to the one requested herein, including the Southern District of New York and Central District of California.   *See*

Attachment A (Order Extending Certain Statutory Deadlines For Administrative and Civil Judicial Forfeiture Proceedings and Actions, Southern District of New York); Attachment B (Order Extending Certain Statutory Deadlines For Administrative and Civil Judicial Forfeiture Proceedings and Actions Central District of California, Western Division).

### II.     Legal Authority

Pursuant to 18 U.S.C. § 983(a)(1)(B), a "supervisory official in the headquarters office of each seizing agency may extend the period for sending notice" of an administrative forfeiture action to interested parties under certain conditions for a period not to exceed 30 days. The supervisory official may extend the 30-day period "only if there is reason to believe that sending notice may have an adverse result," including: endangering the life or physical safety of an individual. 18 U.S.C. §§ 983(a)(1)(D).

After the initial 30-day extension from the supervisory official at agency headquarters, upon motion by the Government, "a court may extend the period for sending notice for a period not to exceed 60 days, which period may further extended by the court for 60-day periods, as necessary," based on the presence of any of these same conditions described in 18 U.S.C. §§ 983(a)(1)(D).[3]

Section 983(a)(1)(D) extensions are entered routinely by supervisory officials or by district courts, as appropriate, on a case-by-case basis.   If, however, notice is not timely sent and no extensions are granted by the agency supervisory official or a court, the federal agency may not commence administrative forfeiture proceedings against

---

[3] This Court has jurisdiction and venue over the civil forfeiture of assets seized in the District of Colorado. Pursuant to 28 U.S.C. § 1355, a civil forfeiture action may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred, or any district for which venue is provided in section 1395.   Section 1395, in turn, provides that venue exists in any district in which the property is found or brought. 28 U.S.C. § 1395(b)-(c).

assets seized by law enforcement agents.

In light of the current pandemic due to the coronavirus, it is reasonable to believe that the continued regular operation of the seizing federal agencies' administrative forfeiture programs may endanger the lives or physical safety of numerous individuals. At the same time, it is impossible for the Government to identify every seized asset for which notice must be sent due to stay at home orders and the requirement for teleworking.   Therefore, although it is unusual, a 60-day blanket extension of all noticing deadlines for assets seized by a DOJ seizing agency is appropriate for assets seized within the last 60 days for federal seizures, and 90 days for state and local seizures that have been adopted for administrative forfeiture by a federal agency.

Given the sensitivity of the issue, the Government is waiving its right to have the supervisory officials at the headquarter offices of the DOJ seizing agencies extend the filing deadline by 30 days under section 983(a)(1)(B).   Instead, and as reflected in the attached declarations of those officials, the Government is requesting that the Court issue a 60-day blanket extension of all noticing deadlines for assets (1) seized by a federal seizing agency between February 20, 2020 and April 20, 2020; (2) adopted by a federal seizing agency but seized by a state or local agency between January 20, 2020 and April 20, 2020; or (3) for which, due to a prior extension by the supervisory official at the agency, a notice of administrative forfeiture is to be mailed on or after April 20, 2020, based upon a determination that there is reason to believe that requiring notices of administrative forfeitures may endanger the life or physical safety of an individual. *See* Attachment C.   Specifically, requiring the notices may endanger the life or health of the asset forfeiture staff necessary to review and prepare cases and issue the notices

in light of the global coronavirus pandemic.

### III. Conclusion

For the foregoing reasons, the Government respectfully requests this Court to find that continued operation of the administrative forfeiture programs of the federal seizing agencies may endanger the life or safety of one or more individuals in light of the current national health emergency, and grant the requested 60-day extension of noticing deadlines, for the following seizures of property:

(1) for all federal seizures of property that occurred in the District of Colorado between February 20, 2020, and April 20, 2020;

(2) for all seizures of property by state and local law enforcement agencies that occurred in the District of Colorado between January 20, 2020, and April 20, 2020, which seizures were or are thereafter adopted by one of the Agencies; and

(3) for any seizures of property as to which an Agency executed a 30-day extension of any administrative notice deadline pursuant to 18 U.S.C. § 983(a)(1)(B) and for which the extended deadline is on or after April 20, 2020.

Respectfully Submitted,

JASON R. DUNN
United States Attorney

By: *s/Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Co 80202
303-454-0210
E-mail: Tonya.Andrews@usdoj.gov